1

```
 1                  UNITED STATES DISTRICT COURT
 2                  SOUTHERN DISTRICT OF FLORIDA
 3                  CASE NO. 99-6153-CR-MOORE
 4   UNITED STATES OF AMERICA
 5        vs.
 6   RAMIRO VAMOY RAMIREZ,
 7                   Defendant
 8
 9                  SENTENCING HELD 10-9-08
10            BEFORE THE HONORABLE K. MICHAEL MOORE
11                  UNITED STATES DISTRICT COURT
12
13   APPEARANCES:
14   FOR THE GOVERNMENT:     ARTHUR WYATT,
15                           ASSISTANT UNITED STATES ATTORNEY
16   FOR THE DEFENDANT:      DENNIS URBANO, ESQ.
17
18   REPORTED BY:            PATRICIA SANDERS, RPR
19                           Official Court Reporter
20
21
22
23
24
25
```

```
 1              COURTROOM DEPUTY:  United States versus Ramiro Vamoy
 2   Ramirez and Javier Lindo.  Counsel note your appearances.
 3              MR. WYATT:  Arthur Wyatt standing in for Alexander Soto on
 4   behalf of the United States.
 5              MR. URBANO:  Dennis Urbano on behalf of Mr. Vanoy and
 6   Javier Lindo.
 7              THE COURT:  All right. Any objections you want to take up
 8   to the PSI?
 9              MR. URBANO:  Your Honor, as to Mr. Vanoy?
10              THE COURT:  Yes.
11              MR. URBANO:  I have filed objections to the PSI, the
12   Government has responded. We're in total agreement as to the
13   objections.
14              I would have no problem if the Court wanted to adopt the
15   Government's response and make the factual changes as they appear
16   there.
17              Probation has pointed out that they have no bearing on the
18   guidelines, and that is correct, they do not have a bearing on the
19   guideline range. It's just that factually in some places it's
20   incorrect.
21              THE COURT:  Okay.  Well, paragraph 28 we agree that we
22   should delete any reference that Barrera ever associated with Vanoy;
23   is that correct?
24              MR. URBANO:  Yes, Your Honor.
25              THE COURT:  We will do that. Paragraph 44.  I will delete
```

1   the reference that Vanoy was involved in a particular shipment of 37
2   tons of cocaine, is that it?
3           MR. URBANO:  I think the dates of the meeting there July
4   29th, etcetera.
5           THE COURT:  Okay.  Paragraph fifty.  Government does not
6   have any evidence that Vanoy had any relationship or knowledge of
7   Castiblanco Cabalcante or his activities.
8           MR. URBANO:  That's correct, Your Honor.
9           THE COURT:  We will make that correction as well to the
10  PSI. Those are all factual objections. I will sustain them.  For the
11  record they do not affect the guideline range and would not affect
12  where I would otherwise sentence within the guideline range, if I
13  sentence within the guideline range.
14          MR. URBANO:  There is one other, Your Honor, paragraph 73
15  to delete the reference to a thirty ton quantity.
16          THE COURT:  We will make that correction as well. Same
17  ruling with respect to that. With that, the Probation Office has
18  calculated an offense level of 38 with a criminal history one, which
19  provides for an advisory guideline range of 235 to 293 months and
20  five years supervised release.
21          Are we in agreement that is a correct calculation of the
22  guidelines?
23          MR. WYATT:  We are, Your Honor.
24          MR. URBANO:  Yes, Your Honor.
25          THE COURT:  Let me address Mr. Vanoy and ask if there is

1  anything he wants to say on his own behalf before sentence is
2  imposed.
3          MR. URBANO:  I believe he wants to make a very brief
4  statement.
5          THE DEFENDANT: I would like to express both to the Court
6  and to the Government of the United States of America my remorse for
7  my criminal activity. Also to my family I would like to apologize.
8  I pled guilty, and I am here to accept responsibility for my
9  actions. That's all.
10         THE COURT:  Anything further on his behalf?
11         MR. WYATT:  I believe the Government is going to recommend
12 a sentence at the low end of the guideline range. If the Court is
13 inclined to go along with that recommendation I really don't have
14 anything to say.
15         If not there are some things I would like to point out
16 regarding Mr. Vanoy and the other defendants that have gone before
17 him, as well as some things about Mr. Vanoy's condition in this
18 particular case.
19         THE COURT:  Go ahead.
20         MR. URBANO:  Your Honor, Mr. Vanoy is probably in a similar
21 position but less culpable than Mr. Rebellon. Mr. Rebellon, who I
22 think Your Honor will recall, came before this Court -- he is one of
23 the defendants who was the leader organizer.  He is the guy in
24 charge of putting the loads together.  He worked directly with Mr.
25 Vernal, the head of the organization.

|   |   |
|---|---|
| 1 | He was the person responsible for finding the cocaine, |
| 2 | getting it to the boats, the person responsible for coordinating the |
| 3 | different workers, recruiting people.  He received a sentence of 235 |
| 4 | months. |
| 5 | If you look at the activities of Mr. Vanoy in this |
| 6 | particular case, as stated in the PSI, Mr. Vanoy had agreed to |
| 7 | supply cocaine, that is what it comes down to, on two occasions. |
| 8 | However on both occasions no cocaine was ever supplied. I |
| 9 | do agree these are large amounts of cocaine to be shipped. I do |
| 10 | agree this is a serious crime. |
| 11 | But when you look at Mr. Vanoy, who is a 60 year old man |
| 12 | with diabetes, hypertension and high blood pressure, I think with a |
| 13 | sentence at the low end of the guideline range of 235 months I think |
| 14 | it's doubtful he will ever make it out of a United States prison. |
| 15 | I think a sentence of 235 months is appropriate for his |
| 16 | conduct, in light of the other defendants in this case.  I believe |
| 17 | it is the appropriate punishment for the defendant in this case and |
| 18 | certainly sends a message to anyone out there that twenty years in |
| 19 | prison for dealing in narcotics is a stiff sentence and you will be |
| 20 | treated harshly if you do so. |
| 21 | Also, I would like to point out, Your Honor, that Mr. Vanoy |
| 22 | contacted me some two years ago, before he had any idea he would be |
| 23 | extradited to the United States. |
| 24 | For the past two years I have been in contact with the |
| 25 | Government negotiating and trying to find a way to have Mr. Vanoy |

6

1  come to this country and resolve his problems here. He did not try
2  to avoid these charges but actively sought to be here.  And is quite
3  relieved that he is here and able to resolve his problems with the
4  United States of America.
5           Once again, Your Honor, in taking into consideration the
6  factors under 3553, as well as the other defendants that have gone
7  before Mr. Vanoy, as well as his conduct, I think the low end of the
8  guideline range is appropriate.
9           Thank you, Your Honor.
10          THE COURT:  The Court has considered the statements of the
11 parties, the presentence report which contains the advisory
12 guidelines, as well as the statutory factors.
13          The Court is going to impose a sentence within the
14 guideline range, as such a sentence is sufficient to afford adequate
15 deterrence to criminal conduct, reflects the seriousness of the
16 offense while providing just punishment.
17          It is the finding of the Court that the defendant is not
18 able to pay a fine.  It is the judgment of the Court that Ramiro
19 Vanoy Ramirez is committed to the Bureau of Prisons to be imprisoned
20 for a period of 293 months as to Count 3.
21          Upon release from imprisonment defendant shall be placed on
22 supervised release for a term of five years.  Within 72 hours of
23 release the defendant shall report in person to the Probation Office
24 in the district where released.
25

```
 1           While on supervised release the defendant shall not commit
 2   any crimes, shall be prohibited from possessing a firearm or other
 3   dangerous device, shall not possess a controlled substance and shall
 4   comply with the standard conditions of supervised release, including
 5   the following special conditions, surrendering to Immigration for
 6   removal after imprisonment as noted in part G of the presentence
 7   report.
 8           Finally, defendant shall immediately pay a special
 9   assessment of $100.  Total sentence 293 months imprisonment, five
10   years supervised release, with a $100 special assessment.
11           Now that sentence has been imposed does the defendant or
12   his counsel object to the Court's finding of fact or the manner in
13   which sentence was pronounced?
14           MR. URBANO:  No, Your Honor.
15           THE COURT:  Mr. Vanoy, do you understand you have a right
16   to appeal the sentence I have just imposed?
17           THE DEFENDANT:  Yes, I do.
18           THE COURT:  Thank you.
19           MR. URBANO:  I do have a request, that the Court make a
20   recommendation to a facility as close to South Florida as possible.
21           THE COURT:  We will include that in the judgment and
22   commitment.
23                         SENTENCING CONCLUDED
24
25
```

```
 1                            -  -  -
 2                       C E R T I F I C A T E
 3          I hereby certify that the foregoing is an accurate
 4    transcription of proceedings in the above-entitled matter.
 5
 6                                        /S/PATRICIA SANDERS
 7    _____                     _____
 8    DATE FILED                          PATRICIA SANDERS, RPR
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```