```
FILED BY ___PG___ D.C.

FEB 2 4 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI
```

## IN THE
## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

UNITED STATES OF AMERICA,        )

  Plaintiff,                     )

v.                               )    Criminal Case No: <u>1:99-06153-013</u>:

RAMIRO VANOY - RAMIREZ,          )

  Defendant,                     )

---

## MOTION TO REDUCE SENTENCE PURSUANT TO
## 18 U.S.C. §§ 3582(c)(1)(A) and 18 U.S.C. 4205(g):

---

**Comes Now,** Ramiro Vanoy-Ramirez, (hereinafter Defendant), proceeding by way of pro-se representation, hereby respectfully submits this motion to Reduce Sentence Pursuant to 18 U.S.C. §§ 3582(c)(1)(A) and 18 U.S.C. 4205(g), regarding the Compassionate Release / Reduction in Sentence statute(s) as stated in addition to the First Step Act.

### BACKGROUND:

Defendant is a Columbian National, (with relatives in the United States); and waived his extradition to the United States to come here and face charges that the United States had lodged against him in his home Country of Columbia.

(-1-)

Defendant was charged with U.S.C. 21:963 "Conspiracy to Import five Kilograms or More of Cocaine". Defendant pleaded guilty, and accepted responsibility. He was sentenced on 10/09/2008 in this Court, by his Honorable Judge K. Michael Moore to a term of 293 months, with a term of five years of Supervised release. Defendant is currently incarcerated in the Federal Correctional Institution located in Pekin, Illinois.

### LEGAL STANDARD:

In accordance with 18 U.S.C. §§ 3582(c)(1)(A) and 18 U.S.C. 4205(g); Defendant submits this motion primarily under the provisions of the the terms of (b) "Elderly Inmates with medical Conditions, **as well** as the "extraordinary & Compelling Reasons "catch-all" provision within the definition of the New First Step Act.

"A motion for a modification of a sentence will be made to the sentencing court only in particulary **extraordinary or compelling** circumstances, that could not reasonably have been forseen by the court at the time of sentencing."

Federal Law provides that a Court can reduce a term of imprisonment in certain cases. This is found in Title 18 of the United States Code, section 3582(c)(1), commonly known as the Compassionate Release statute. The New First Step Act, gave inmates the right to petition the courts directly for Compassionate Release. As a result, the Compassionate Release statute currently reads;

**(A)** the court, upon motion of the Director of the Bureau of Prisons **or upon motion of the defendant** after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf **or** the lapse of 30 days from the receipt of such request by the Warden of the defendant's facility, **whichever is earlier,** may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section § 3553(a) to the extent that they are applicable, if it finds that;

(i) extraordinary and compelling reasons warrant such a reduction; **or**

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Subsection (a)(1) reads that "extraordinary and compelling reasons warrant such a reduction;"... This subsection however, has not

.. been further defined or explained. This applicable sentencing commission guideline **USSG § 1B1.13**, has not been updated to provide any further guidance.

The Courts have just been ruling that there is a "catch-all provision providing that there **can be** an **"extraordinary and compelling"** reason **other than** medical, age or family. Thus, Judges have stated, that this allows a Court to consider Section 3553(a) factors, **as well** as criteria in the Sentencing Commission's policy statement.

Again, the Court's have determined that they **now have a statute** that has not defined or placed any limits on what "extraordinary and compelling reasons" might warrant such a reduction. citing **Crowe v. United States,** 430 F. Appx. 484, 485 (6th Cir. 2011). Furthermore, the Court's have noted that, "The commentary describes certain circumstances under which "extraordinary and compelling reasons" for a reduction in sentence are deemed to exist, but the commentary does not suggest that the list is exclusive. Application Note 1(D), titled; "Other Reasons" is a catch-all provision, noting that the Director may determine "there exists in the defendant's case an extraordinary and compelling reason **other than, or in combination with,** the reasons described in subdivisions (A) through (C)." The Courts **have also stated** that others have concluded that the Commission's failure to amend USSG § 1B1.13 **does not preclude** a Court from acting on motions using the application note 1(D) "catch-all provision."

## ARGUMENT:

In regards to the Federal Bureau of Prisons policy statement on "Elderly Inmates" Section **(b) Elderly Inmates with Medical Conditions.** states as follows;

Inmates who fit the following criteria:

* Age 65 and older;
* Suffer from chronic or serious medical conditions related to the aging process.
* Experiencing deteriorating mental or physical health that substantially diminishes their ability to function in a correctional facility.
* Conventional treatment promises no substantial improvement to their mental or physical condition.
* Have served at least 50% of their sentence.

Policy further states; "Additionally, for inmates in this category, the BOP should consider the following factors when evaluating the risk that an elderly inmate may reoffend":

* The age at which the inmate committed the current offense.
* Whether the inmate suffered from these medical conditions at the time the inmate committed the offense.
* Whether the inmate suffered from these medical conditions at the time of sentencing and whether the Presentence Investigation Report (PSR) mentions these conditions.

The above are the listed conditions that the Federal Bureau of Prisons have listed in their Program Statement 5050.50 Sec. **4(b).** On the following page, will be a Point by Point explanation of each of the criteria, that the defendant either meets or 'comes close to meeting' for the discretion of this Court.

<u>**As Per The Previous Criteria:**</u>

**\* Age 65 and Older:**

Defendant was 60 years old at the time of his sentencing. In March of 2020, Defendant will be **73 years old.**

**\* Suffers from chronic or serious medical condition related to the Aging Process:**

Defendant suffers from High Blood Pressure; Diabetes; Poor Blood Circulation; as well as Glaucoma. While some of these issues are being addressed by the Medical department in F.C.I. Pekin, it is a well known fact in the legal community, that the elderly (while incarcerated) do not in fact receive the attentive medical care that they would receive, in a Professional medical setting. His Glaucoma, is thus far being overlooked by the Bureau of Prisons, as it costs the B.O.P. to have inmate's procedures done, and at the Defendant's age, he is being passed over for those inmates that are younger. He is also having extreme trouble about receiving medication for both his High blood pressure, as well as his poor blood circulation.

**\* Experiencing deteriorating mental or physical health that substantially diminishes their ability to function in a correctional facility.**

Defendant has been incarcerated since **August 16th, 2016.** In combination with his age of **73** years, Defendant is in a facility where he speaks no English. There are perhaps only three staff members here at F.C.I Pekin, Pekin, **Illinois,** that speak Spanish. That being Two Lieutenant's and One Case manager. Defendant is in fact **experiencing** "deteriorating mental **and** Physical health," **everyday.** He has **no family** that is able to come to visit him, he is in a situation whereas the staff do not really "give a hoot" about his condition **nor** his current situation, medically, physically, or mentally. Defendant is just sitting in a penal institution watching the days go by, not only regretful for the choice he made, but missing his family and slowly dying physically and mentally day by day. **Alone.** Because of this, it affects the elderly, a lot stronger than those inmates that are younger. Since the fact that the Defendant is a Columbian National, he does not have a peer group to associate with, and the spanish speaking inmates that are incarcerated are primarily Mexican 'gang members' that the defendant does not wish to associate with.

**\* Conventional treatment promises no substantial improvement to their mental or physical condition:**

For again, the reasons listed above, the F.C.I. Pekin medical dept. is notorius for thier inempt medical attention and procedures, of

**(-6-)**

.. attentively attending to inmates, suffice to say, the elderly
inmates receive even less attention. **However,** the Bureau of Prisons
is currently underfire by outside activist groups because of this
outrageous behavior. The Court should duly note and take this into
consideration, that while the government may take a dim view of this
"opinion" it makes it no less true. The Defendant does have Diabetes,
and the "conventional treatment" that he does receives promises "no
substantial improvement" to this medical condition. Also, there is
not really any "conventional treatment" for the Defendant's mental
health, other than **A)** tranfer him to an area closer to his family,
whereas he may receive visits from said family to sharpen his mind,
**or** have compassion on Mr. Vanoy, and return him to his family, know-
ing that he has indeed served enough of his sentence that justice
has indeed been served.

**\* Has served at least 50% of his sentence:**
  Defendant was sentenced on 10/09/2008, to a term of 293 months.
He has accredited to his sentence jail credit from 08/16/2006 to
10/08/2008. The Federal Bureau of Prisons has Mr. Vanoys "Home Deten-
tion Eligibilty Date" scheduled for **12/05/2027;** and his "Projected
Release date" scheduled for **06/05/2028.** Defendant, as of todays date,
has indded served more than 50% of his sentence. As of todays date,
02/10/2020, Mr. Vanoy has served **13 years and 4 months,** which the
Bureau of Prisons has calculated to be over 54%.

### Extraordinary and Compelling Reasons:

  Mr. Vanoy respectfully asks this Court to consider whether or not
it actually considered that the sentence imposed upon him, was in

fact a life sentence, in the terms of expecting Mr. Vanoy to spend what would amount to, the rest of his natural life in prison, for "agreeing to supply cocaince" when in essence, **no cocaine was ever supplied.** See **Sentencing Transcript**: Pg. 5 of 8; lines 6,7, & 8. Mr. Vanoy would also plead with the Court to review what his attorney told the Court, at the time of sentencing, See, Sentencing Transcript Pg. 5 Lines, 21-25, and Pg. 6 Lines,1-4. They are as follows;

**21)** Also, I would like to point out, Your Honor, that Mr. Vanoy contacted me some two years ago, before he had any idea he would be extradited to the United States.

**24)** For the past two years I have been in contact with the Government negotiating and trying to find a way to have Mr. Vanoy

**pg.6/1)** come to this country and resolve his problems here. He did not try to avoid these charges but actively sought to be here. And is quite

**3)** relieved that he is here and able to resolve his problems with the United States of America.

While the Bureau of Prisons, (in their response to Mr. Vanoy's application for Compassionate Release states that, ... "While turning yourself in to the Columbian authorities and waiving the extradition process is cooperative, **it does not** conctitute extraordinary or compelling. Based on the information provided, there were no extraordinary circumstances which warrant consideration for Reduction in Sentence."

Mr. Vanoy disagrees with the Bureau's suave faire' attitude. If it pleases the Court, Mr. Vanoy did not forsee spending the rest of his

.. in prison. Due to the violence in the Country of Columbia,
Mr. Vanoy has unfortunantly lost his son, Vladimir Vanoy Ramirez,
whom was killed in Bogota, Columbia, shortly after Mr. Vanoy turned
himself into the Columbian authorities. His son was 33 years old.
His son was shot and killed just four days after Mr. Vanoy turned
himself into the authoritites.

   Mr. Vanoy also lost his brother in that same year, (2008) in Mede-
llin, Columbia. His brother, Nelson Vanoy-Murillo was just 45 years
of age.

   Mr. Vanoy has experienced the loss of his family members, but yet,
did not fight the extradition to the United States, and in fact took
the enormous courageous step of turning himself into the authorities,
and as a result lost his son because of it.

   He has been a model inmate since his time of incarceration, seper-
ated from his family here in the United States, as well as abroad.
In fact, since the Court has placed Supervised release upon Mr. Vanoy
the United States Probation office, has indeed been to the family
of Mr. Vanoy, (here in Miami) and has approved that this would suf-
fice as a release address, should the Court grant Mr. Vanoy Compass-
ionate Release and Order him detained here in the United States,
**instead** of being deported. See Probation Office Report, (not within
the possession of Mr. Vanoy).

## RELIEF REQUESTED:

**Whereas,** Mr. Vanoy has met the criteria of the Bureau of Prisons, as far as 'jurist of reason' would determine. That he is **73** years old; accepted responsibility for "the attempt" of procuring cocaine; and considering that there **was no** **cocaine actually procured**; that he is mentally deterioating, he respectfully asks this Court to show Compassion in regards to his case.

**And,** .. in the wisdom and compassion and mercy of the Court, should it deem that in this case, justice has been served, he asks that he either be deported to his home in Columbia, **or,** if it please the Court, allow him to remain under Supervised release here in the home of his son, (Miami, Florida) until said time his Supervised Release is finished before being deported to Columbia.

Mr. Vanoy has shown his remorse for his criminal thinking 'conduct' and humbly regrets that his thoughts led him astray. He has accepted the responsibility, of which the Government cannot argue, and simply asks the Court to grant him this Compassionate Release so that he may spen his final years amongst those that he loves, and those that love him.

Respectfully Submitted,

Ramiro Vanoy-Ramirez
# 80512-004
F.C.I. Pekin
P.O. Box 5000
Pekin, Ill. 61555-5000

**(–10–)**

## <u>CERTIFICATE OF SERVICE:</u>

**I,** Ramiro Vanoy-Ramirez, do hereby attest and swear under the penalty of perjury that the aforegoing statements are tru and correct to the best of my knowledge, and that I sent a true and accurate copy of this Motion to Reduce Sentence Pursuant to 18 U.S.C. §§ 3582(c)(1)(A) and 18 U.S.C. 4205(g), to the two addresses listed below, by placing same in a First Class Pre-paid envelope, and mailing them via legal mail from the F.C.I. Pekin, Pekin, Illinois on the _18_ day of February 2020.

**1)** Clerk of Court
   Southern District
   U.S. Courthouse
   400 North Miami Avenue
   Miami, Florida  33128

**2)** U.S. Attorney's Office
   Southern Division
   99 NE Fourth Street
   Suite 800
   Miami, Florida  33132

Dated this _18_ day of February, 2020

Ramiro Vanoy-Ramirez
# 80512-004
F.C.I. Pekin
P.O. Box 5000
Pekin, Ill. 61555

(-11-)

1   He was the person responsible for finding the cocaine,

2   getting it to the boats, the person responsible for coordinating the

3   different workers, recruiting people.  He received a sentence of 235

4   months.

5   If you look at the activities of Mr. Vanoy in this

6   particular case, as stated in the PSI, Mr. Vanoy had agreed to

7   supply cocaine, that is what it comes down to, on two occasions.

8   However on both occasions no cocaine was ever supplied. I

9   do agree these are large amounts of cocaine to be shipped. I do

10  agree this is a serious crime.

11  But when you look at Mr. Vanoy, who is a 60 year old man

12  with diabetes, hypertension and high blood pressure, I think with a

13  sentence at the low end of the guideline range of 235 months I think

14  it's doubtful he will ever make it out of a United States prison.

15  I think a sentence of 235 months is appropriate for his

16  conduct, in light of the other defendants in this case.  I believe

17  it is the appropriate punishment for the defendant in this case and

18  certainly sends a message to anyone out there that twenty years in

19  prison for dealing in narcotics is a stiff sentence and you will be

20  treated harshly if you do so.

21  Also, I would like to point out, Your Honor, that Mr. Vanoy

22  contacted me some two years ago, before he had any idea he would be

23  extradited to the United States.

24  For the past two years I have been in contact with the

25  Government negotiating and trying to find a way to have Mr. Vanoy

Case 0:99-cr-06153-KMM   Document 1999   Entered on FLSD Docket 06/08/2009   Page 6 of 8

6

```
1    come to this country and resolve his problems here. He did not try

2    to avoid these charges but actively sought to be here.  And is quite

3    relieved that he is here and able to resolve his problems with the

4    United States of America.

5            Once again, Your Honor, in taking into consideration the

6    factors under 3553, as well as the other defendants that have gone

7    before Mr. Vanoy, as well as his conduct, I think the low end of the

8    guideline range is appropriate.

9            Thank you, Your Honor.

10           THE COURT:  The Court has considered the statements of the

11   parties, the presentence report which contains the advisory

12   guidelines, as well as the statutory factors.

13           The Court is going to impose a sentence within the

14   guideline range, as such a sentence is sufficient to afford adequate

15   deterrence to criminal conduct, reflects the seriousness of the

16   offense while providing just punishment.

17           It is the finding of the Court that the defendant is not

18   able to pay a fine.  It is the judgment of the Court that Ramiro

19   Vanoy Ramirez is committed to the Bureau of Prisons to be imprisoned

20   for a period of 293 months as to Count 3.

21           Upon release from imprisonment defendant shall be placed on

22   supervised release for a term of five years.  Within 72 hours of

23   release the defendant shall report in person to the Probation Office

24   in the district where released.

25
```

RESPONSE TO INMATE REQUEST TO STAFF MEMBER
VANOY-RAMIREZ, Ramiro
Reg. No. 80512-004

This is in response to your Inmate Request to Staff Member, dated December 6, 2019, wherein you request to be considered for early release pursuant to 18 U.S.C. 3582 (c) (1) (A).   You stated you are eligible for a Compassionate Release/Reduction in Sentence (RIS) based on the provisions for Debilitated Medical Conditions along with Extraordinary or Compelling Circumstances.   Specifically, you are requesting consideration due to your current medical conditions relating to the aging process that courts were not aware of at the time of sentencing.

A thorough review of your request was completed. Utilizing Program Statement 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. 3582 (c) (1) (A) and 4205 (g)*, dated January 17, 2019, medical staff have determined you do not meet the criteria under for Debilitated Medical Condition.   Your current condition is stable and your medical concerns are being monitored or treated. You participate in daily activities at FCI Pekin and you are able to complete all of your activities of daily living without assistance from others.

Your case was also reviewed utilizing the factors under Section 7 of the Program Statement to determine if there were any Extraordinary or Compelling Circumstances that could not reasonably been foreseen by the court at the time of sentencing. While turning yourself in to the Columbian authorites and waiving the extradition process is cooperative, it does not constute extraordinary or compelling. Based on the information provided, there were no extraordinary circumstances which warrant consideration for Reduction in Sentence.

Accordingly, your request is denied.   If you are not satisfied with this response, you may appeal through the Administrative Remedy Program.

_____          1/9/20
F. Entzel, Warden                              Date

Honorable Michel Moore
Frank Tamen
United States District Court
Southern District Of Florida


RE:   United States V. Ramiro Vanoy - Ramirez
      Case Number: 113C 1:99-06153-013 (s)(s)(s)
      USM Number: 80512004


Su señoría,


Nosotros, hijos del señor RAMIRO VANOY, identificados al final de este documento, rogamos a usted su señoría tener compasión de nuestro padre, quien hoy se encuentra con una avanzada edad (71) y con una difícil situación de salud en una prisión de los Estados Unidos de Norte América, pagando con su libertad por los errores que cometió en razón a su condición humana y de los que se encuentra inmensamente arrepentido.

Hoy que tenemos la oportunidad de dirigirnos ante usted Honorable Juez, solicitamos que tenga en cuenta estas suplicas, por cuanto el señor RAMIRO VANOY, se ha caracterizado siempre por su innegable amor y entrega a su familia como padre, abuelo, hermano y tío.

Suplicamos ante usted Honorable Juez, que considere una sentencia mas leve para el señor RAMIRO VANOY, quien ha cumplido gran parte de su pena sin registro de mala conducta. Humildemente le rogamos su libertad para que pueda compartir sus últimos años y su vejez junto a su familia, nietos, además de brindar la oportunidad a su hijo menor de conocer a su papa, ya que su salud esta cada vez más quebrantada.

La libertad de nuestro padre está en sus manos, de antemano agradecemos su consideración a nuestra respetuosa solicitud. Estamos seguros de que contar con la presencia física de nuestro padre en sus últimos años de vida en libertad marcara positivamente nuestras vidas y corazones, así como la de más familiares y amigos. Dios lo bendiga.


Atentamente,

**EXHIBIT A:**
**TRANSLATION OF LETTER**
**FROM SPANISH TO ENGLISH:**

**(From the Family of Ramiro Vanoy)**

We, the Family of Mr. Ramiro Vanoy, Identified at the end of this document. We respectfully request that Your Honor have compassion for our Dear Father, who is now elderly, (71) and has serious health issues who is incarcerated in the United States of America paying with his freedom for the mistakes he committed in the past for which he truly regrets now.

Today that we have the opportunity to address your Honor, we respectfully request to take into consideration our pleas on behalf of Mr. Ramiro Vanoy, who has always been a beloved Father, Grandfather, Brother, and Uncle.

We plead to your Honor, that you please consider a lighter sentence for Mr. Ramiro Vanoy, who has already completed the majority of his sentence without any disciplinary infractions. We humbly request his freedom so he may spend his last years amongst his beloved family, Furthermore, so his minor son may get to know him and build a relationship with him, before his health deteriorates any more.

The freedom of our Father is in your hands your Honor. We appreciate your consideration of our respectfull plead. We positively know his physical presence in his last days of life will be a blessing to our whole family and friends.

Thank you for your time and consideration, and may God Bless you.

Respectfully,

**Note to His Honor: This translation was done by an inmate assisting Mr. Vanoy, whom does not speak any English:**

```
PEKDP  540*23 *           SENTENCE MONITORING         *     10-22-2019
PAGE 001        *         COMPUTATION DATA            *     09:57:39
                           AS OF 10-22-2019


REGNO..: 80512-004 NAME: VANOY-RAMIREZ, RAMIRO


FBI NO..........: 697534WC9          DATE OF BIRTH: 03-31-1948  AGE:  71
ARS1............: PEK/A-DES
UNIT............: IOWA                QUARTERS.....: C02-224L
DETAINERS.......: YES                 NOTIFICATIONS: NO

HOME DETENTION ELIGIBILITY DATE: 12-05-2027

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  06-05-2028 VIA GCT REL


---------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: FLORIDA, SOUTHERN DISTRICT
DOCKET NUMBER...................: 113C 1:99-06153-013(
JUDGE...........................: MOORE
DATE SENTENCED/PROBATION IMPOSED: 10-09-2008
DATE COMMITTED..................: 06-30-2009
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


                FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00        $00.00          $00.00       $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO        AMOUNT: $00.00

---------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 399    21:963 ATTEMPT & CONSPIRACY
OFF/CHG: 21:963 CONSPIRACY TO IMPORT FIVE KILOGRAMS OR MORE OF COCAINE
          CT 3.

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.: 293 MONTHS
  TERM OF SUPERVISION............:   5 YEARS
  DATE OF OFFENSE................: 09-30-1999




G0002       MORE PAGES TO FOLLOW . . .
```

```
   PEKDP  540*23 *              SENTENCE MONITORING           *      10-22-2019
 PAGE 002           *            COMPUTATION DATA             *      09:57:39
                                  AS OF 10-22-2019
```

REGNO..: 80512-004 NAME: VANOY-RAMIREZ, RAMIRO


------------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 08-12-2010 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 10-07-2009 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010


```
DATE COMPUTATION BEGAN..........: 10-09-2008
TOTAL TERM IN EFFECT............:   293 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    24 YEARS       5 MONTHS
EARLIEST DATE OF OFFENSE........: 09-30-1999

JAIL CREDIT.....................:   FROM DATE    THRU DATE
                                    08-16-2006   10-08-2008

TOTAL PRIOR CREDIT TIME.........: 785
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 952
TOTAL GCT EARNED................: 582
STATUTORY RELEASE DATE PROJECTED: 06-05-2028
EXPIRATION FULL TERM DATE.......: 01-13-2031
TIME SERVED.....................:    13 YEARS      2 MONTHS        7 DAYS
PERCENTAGE OF FULL TERM SERVED..: 54.0

PROJECTED SATISFACTION DATE.....: 06-05-2028
PROJECTED SATISFACTION METHOD...: GCT REL
```

REMARKS.......: COMP UPDATED 08-12-10 TO REFLECT GED STATUS L/AJB.


G0002        MORE PAGES TO FOLLOW . . .

⇨80512-004⇨
Ramiro Vanoy-Ramirez
Federal Correctional Institution Pekin
P.O. Box 5000
Pekin, IL 61555
United States



RECEIVED
FCI PEKIN
MAIL ROOM
FEB 18 2020

*Legal Mail*

USMS INSPECTED

⇦80512-004⇨
Clerk Of Court
U.S. District Court
400 N Miami AVE
Miami, FL 33128
United States

Mail Room
Federal Correctional Institution
P.O. Box 7000
Pekin, IL 61555-7000

The enclosed letter was processed through
special mailing procedures for forwarding
to you. The letter has neither been opened
nor inspected. If the writer raises a
question or problem over which this facility
has jurisdiction, you may wish to return the
material for further information or clarification.
If the writer encloses correspondence for
forwarding to another addressee, please return
the enclosure to the above address.