UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 99-06153-CR-MOORE

UNITED STATES OF AMERICA,

vs.

RAMIRO VANOY-RAMIREZ,

       Defendant.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REDUCE SENTENCE

Defendant Ramiro Vanoy-Ramirez (Vanoy) has filed a motion seeking a reduction in his sentence to time served, under the "Compassionate Release" provisions of 18 U.S.C. §3582(c)(1)(A). The United States opposes his motion.

Vanoy bases his claims for release on two general precepts: first, that he is old and sick, and second, that his sentence of 293 months (a little more than 24 years) is overly severe in view of his having turned himself in for prosecution, and that there was actually no cocaine procured in connection with the charges to which he pled guilty.

As far as the defendant's medical condition is concerned, the United States believes that his claim is rebutted adequately by the written decision signed by the Warden of his prison (attached to the defendant's motion). The Warden's conclusion that the defendant does not meet the definition of a suffering from a "Debilitated Medical Condition" is amply supported by the observations contained in his denial of the defendant's request for compassionate release. There is no reason for this court to reach a contrary conclusion.

The defendant's other argument, that serving just over half of his sentence is sufficient punishment, rests on a transparent minimization of his conduct.

The facts relevant to the defendant's prosecution and sentencing included his role as a commander in the AUC, a criminal organization involved for decades in massive cocaine trafficking, extensive and deadly violence, and the subversion of lawful authority throughout much of Colombia.

While he did not supply cocaine in connection with the particular conspiracy charge to which he pled guilty, Vanoy's undisputed offense conduct included a long-term relationship with co-defendant Alejandro Bernal-Madrigal, one of Colombia's largest cocaine traffickers. Vanoy's role involved supplying plane-loads of cocaine to co-defendant Bernal-Madrigal. Vanoy also allowed Bernal to use territory he controlled through his AUC group to export cocaine by airplane from Colombia to Mexico, and to bring in drug proceeds (D.E. 1904, pgs. 1-2). It appears to government counsel that these were factors that led the court to impose a sentence at the upper end of the applicable guideline range.

The position of the United States is that, given the scope of his criminal conduct, serving a sentence of only 13 years, as Vanoy seeks, is far too lenient to adequately reflect the seriousness of his offense or to provide adequate deterrent to drug trafficking. Given that many defendants in this District and elsewhere receive ten to thirteen year sentences just for being one of the crew on a go-fast boat transporting one load of cocaine, or doing a single drug deal involving fifty to a hundred and fifty kilos of cocaine, the defendant's sentence of twenty-four years was appropriate and should be served.

Given the lack of a convincing basis for relief, and the seriousness of the defendant's overall offense conduct, his motion for release should be denied.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: */s/ Frank H. Tamen*
Frank H. Tamen
Assistant United States Attorney
Florida Bar No. 261289
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9022
Fax: (305) 536-7213

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 2nd day of March, 2020, I electronically filed the foregoing document **Government's Response to Defendant's Motion to Reduce Sentence** with the Clerk of the Court using CM/ECF and sent a copy by U.S. Mail to Ramiro Vanoy-Ramirez, Reg. #80512-004, FCI Pekin, Federal Correctional Institution, P.O. Box 5000, Pekin, IL 61555.

By: /s/ Frank H. Tamen
Frank H. Tamen
Assistant United States Attorney