```
FILED BY    PG    D.C.
   MAR 3 0 2020
   ANGELA E. NOBLE
  CLERK U.S. DIST. CT.
 S. D. OF FLA. - MIAMI
```

IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|   Plaintiff, | ) |
| v. | ) Case No: 99-06153-CR-MOORE: |
| RAMIRO VANOY - RAMIREZ, | ) |
|   Defendant, | ) |

## DEFENDANT'S TRAVERSE TO GOVERNMENT'S RESPONSE:

**Comes Now,** Ramiro Vanoy - Ramirez, (hereinafter Defendant) proceeds pro se in the above entitled matter, and respectfully submits this Traverse to the Government's response.

The Defendant, has submitted a Motion for Compassionate Release to this Court under the provisions of 18 U.S.C. § 3582(c)(1)(A), stating Extraordinary and Compelling reasons which warrant consideration of his request for Compassionate Release.

The Government, has answered in it's response by first stating that the Defendant's claim is rebutted by the Warden's conclusion that the defendant does not meet the definition of a "suffering from a Debilitated Medical Condition."

While the defendant is not in such a position to procure said documentation, a review of the Bureau of Prison's records **or** a review of the Central District of Illinois's United States District Court's records, will reveal numerous law suits against the Pekin - Federal Correctional's Medical Staff. It is quite **well known** the numerous complaints against the Medical staff, it's actions, as well as it's decision making capabilities, that it is 'deliberately indifferent' to the needs of the inmates here at F.C.I. Pekin. This has also been admitted to by the **new** Associate Warden, Mr. Grissom, whom has taken on the huge task of trying to restructure the Medical Department's way of doing things, as he has been inudated with complaints regarding medical since his arrival. He has had to take the steps needed to bring in a **new** Health Service Administrator.

With that said, it is **also a well known fact** (and undisputed) that the Warden, (Frederick Entzel) makes absolutley **no determination** based upon his own personal knowledge or actually seeing an inmate's personal condition, but **only "rubber stamps"** whatever the medical department states.

This Court as well as other U.S. District Courts no doubt are aware, that Congress has had a very long standing dispute with the way that the Federal Bureau of Prisons has conducted it's policy on "Compassionate Release's" only granting a very few of them over the past few years, and to those that were all but dying in the hospital.

This was the whole purpose of what this "new section" of the First Step Act's new provision regarding Compassionate Release was made for by Congress. Congress intended to overcome the Bureau of Prison's "hard-headedness" by allowing inmates to first be denied by the Bureau, and then to plead their case before the sentencing Court, as Congress has realized that the Bureau **has not shown "Compassion."**

Whereas here, the defendant is not only in poor health, far worse than what he was when he was sentenced, but has also lost a son, as well as his brother. It is the belief of the defendant that it was not the Court's intention that it sentence the defendant "to death" by virtually constraining him in a Federal Correctional Institution for the rest of his natural life.

Again, the defendant had **agreed** to come to the United States to stand trial, and to accept the consequences of his actions. It is the defendant's belief, that he has spent numerous years atoning for those actions. Now, ... that his health has declined significantly, and the fact that he does not wish to die in prison, he asks that this Court show compassion in his case, and allow him to be either deported to his family in Columbia, **or** given house release to his son's residence in Miami, where his family in the United States can attend to him in his old age.

Should the Court have any such doubt to the veracity of defendant's health, then he may respectfully suggest that the Court Order his appearance before this Honorable Court in order for this Court to see with it's own eyes the deterioration of the defendant's health. In this way, the Court can make it's own determination and judgment without relying on the Federal Bureau of Prison's lackadaisical and indeterminate decision making process.

It should also be noted that the Government's response states that; "While he did not supply cocaine in connection with the particular conspiracy charge to which he pled guilty, ..." (See pg.2 Para.3 of Government's response). Here, the Government has readily admitted that there was no cocaine involved in at any time in the possession of the Defendant. While the Government makes assumptions as to the nature of [his] relationship with a Mr. Bernal-Madrigal, the defendant was charged with his particular indictment, and no other charges based upon "assumptions" by the United States Government.

**Therefore,** the defendant prays, that in the best interest of social and economic justice, that this Court will either grant the defendant with his request for compassionate release and a reduction in his sentence, and strongly consider Ordering the U.S. Marshals to bring him before this Court, so that in it's infinite wisdom make it's own determintaion by "sight" of the health of the defendant. The defendant again, respectfully asks that this Court either allow him to be deported back to his home Country of Columbia, so that he

.. die within the comfort and company of his family, **or** allow him to serve under some sort of **House arrest,** at the home of his family in the United States, (Miami).

Respectfully Submitted,

Ramiro Vanoy-Ramirez
# 80512-004
F.C.I. Pekin
P.O. Box 5000
Pekin, Ill. 61555-5000

### CERTIFICATE OF SERVICE:

**I,** Ramiro Vanoy-Ramirez, do hereby attest and swear that the aforegoing Traverse to Government's Response, was placed in a first class pre-paid envelope and mailed through the legal mail system on the 24 day of March, 2020, here at F.C.I. Pekin and mailed to the two address'es listed below.

1) Clerk of Court
   Southern District
   U.S. Courthouse
   400 North Miami Avenue
   Miami, Florida   33128

2) U.S. Attorney's Office
   Southern District
   99 NE Fourth Street
   Suite 800
   Miami, Florida   33132

Ramiro Vanoy-Ramirez

Vanoy-Ramirez # 80512-004
Correctional Institution
x 5000
Ill. 61555-5000

Legal Mail:

RECEIVED
MAR 24 2020
FCI PEKIN
MAIL ROOM

⇔ 80512-004 ⇔
Clerk Of Court
U.S. District Court
400 N Miami AVE
Miami, FL 33128
United States

RECEIVED
MAR 30 2020
12:10 PM

USMS INSPECTED

The enclosed letter ... ugh
special mailin... ...arding
to you. Th... ...en opened
nor i... ...aises a
...which this facility
...wish to return the
...ther information or clarification.
...loses correspondence for
another addressee, please return
to the ... address.

...onal Institution

0312887716


